MANUEL MARIO MARCANO, Petitioner, v. INDUSTRIAL COMMISSION OF PUERTO RICO, Respondent.

No. 304. Argued April 10, 1944.—Decided April 26, 1944.

Celestino Iriarte, F. Fernández Cuyar, and H. González Blanes for petitioner. Angel de Jesús Matos, J. Correa Suárez, and A. Sandín del Manzano for State Insurance Fund.

MR. JUSTICE SNYDER delivered the opinion of the court.

This is a petition for review of an order of the Industrial Commission holding that the petitioner was not entitled to compensation inasmuch as the accident in question occurred solely because of the recklessness of the petitioner (§4, Act No. 45, Laws of Puerto Rico, 1935).

The petitioner was injured while attempting to board a bus. The crux of the Commission's decision was that the petitioner was reckless in the statutory sense because he at-

tempted to board a moving bus.[1]  We recently decided a somewhat similar case.  In that case the Administrator found that the workman "abandoned the running board of the automobile on which he was riding and while getting on the truck which was carrying the other workmen, *which truck was already under way,* he slipped and fell on the pavement thereby causing the rear wheels of the truck to run him over" (*Cordero, Mgr.* v. *Industrial Commission,* 60 P.R.R. 851; italics ours).  The Administrator therefore concluded that (p. 852) "the death of this workman was caused by reason of his having assumed an additional risk to those inherent in his work, namely, his attempt to board the truck after it had started", and that consequently the accident was not compensable.

The Commission reversed the finding of the Administrator and held the accident was compensable.  We reviewed the order of the Commission and affirmed it.  It is true that the point which received the principal attention of this court in the *Cordero* case was whether the fact that the workman had boarded a truck furnished to the workmen outside the premises of the employer had any legal effect in that case.  But there was also expressly involved and this court decided that boarding a conveyance furnished to transport employees while the same is moving is not *ipso facto* an additional risk assumed by the workman—that is to say,

---

[1] " . . . We think that the accident occured while Marcano was trying to board the bus while it was moving under the impetus gained while coming downhill on Morell Campos St., which was it assigned route.  Marcano had no need to run after the bus or hop on it.  Assuming that no warning was given to him, he should have waited until the bus had stopped in order to get on it.  If he had done this, the accident would not have occurred.  It is obvious that it is dangerous to get on a bus while it is moving.  If at the place where the accident occurred, there was a regular bus stop, the bus had to stop there, and that was the proper moment to get on it.  Marcano got a head start because it was the rush hour, and there were other persons waiting for the bus.  He elected to get on the bus while it was moving in order to get a seat before someone else did, thereby being guilty of reckless conduct, which was the real cause of the accident.  Cf. *Vargas* v. *Industrial Commission,* 59 P.R.R. 626."

is not an accident caused solely by the recklessness of the employee—barring him from compensation for an accident resulting therefrom.

This court cannot and will not interfere with findings of fact of the Commission. But even accepting all the facts as found by the Commission, we are compelled as a matter of law to rule that the *Cordero* case applies herein, and that the accident of the petitioner was compensable.[2]

It is conceded that the petitioner was an inspector of the Department of Health and that he was injured in the course of his employment in attempting to board a bus of the White Star Bus Line when returning from an official trip. The petitioner was waiting in a crowd during the rush hour at a regular bus stop. The bus in question slowed down to five or ten miles an hour when it approached the bus stop. The petitioner did not wait for it to stop, but attempted to board it while it was still moving. He slipped and fell under the bus, the wheels of which passed over him and injured him. If the petitioner could be denied compensation for contributory negligence, we should hesitate to interfere with the judgment of the Commission in this case. But for the Commission to have reached the result it did, it was required to find that the accident was caused solely by the recklessness of the petitioner.

In the *Cordero* case we hold as a matter of law on similar facts that the requisite recklessness had not been established. It is difficult, if not impossible, to frame a general rule to govern such cases. The books are full of cases in which the courts attempt to formulate a rule to guide in-

---

[2] We emphasize that we are not reviewing the findings of fact of the Commission herein. But it is our duty to determine whether the Commission has applied correctly the law to the facts as found by the Comission. In that respect, at least, our function is similar to that exercised by us in reviewing judgments of district courts. (*Pérez* v. *Picó*, decided April 12, 1944, *ante*, p. 386.)

dustrial commissions under such circumstances.[3]  On final analysis, each case is bottomed on its own facts.  It is enough to say here that the instant case is obviously controlled by the *Cordero* case [4] rather than by *Vargas* v. *Industrial Commission*, 59 P.R.R. 626, on which the Commission relied herein.

The order of the Commission will be reversed and the case remanded for further proceedings not inconsistent with this opinion.

---

[3] See cases in 45 Words and Phrases, Permanent Edition, p. 302 *et seq.*
[4] Cf. *Umpierre* v. *Industrial Commission,* 52 P.R.R. 739; *Cardona* v. *Industrial Commission,* 56 P.R.R. 813.